[Civ. No. 14603.   Second Dist., Div. Three.   May 16, 1945.]

DOROTHY L. REEH, Appellant, v. PAUL REEH, Respondent.

James B. Ogg for Appellant.

E. Llewellyn Overholt for Respondent.

SHINN, J.—This is an appeal by plaintiff from an order made upon the court's own motion, vacating an interlocutory decree of divorce which had been rendered in favor of plaintiff upon default of defendant to appear.

Although defendant had moved for relief upon other grounds, the decree was vacated upon the ground that it was void by reason of the alleged failure of plaintiff and of the court to comply with the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended (54 U. S. Stats. 1178; 56 U. S. Stats. 769; 50 U.S.C.A.App. §§ 501-585). The complaint was filed January 5, 1943, praying for a divorce, custody of a daughter fifteen years of age, and that the household furniture be awarded to plaintiff. Plaintiff sought support for the daughter but not for herself. Summons was served on defendant January 7, 1943, in Los Angeles County. On January 22, plaintiff made affidavit that defendant was serving in the Ordnance Department of the Army, stationed at Pomona, California, and on the same day notice was served on defendant of plaintiff's application for appointment of an attorney to represent defendant in the action. On February 5th the court appointed an attorney with offices at Pomona to represent defendant, and on the same day defendant was served with notice of such appointment. The attorney so appointed conferred with defendant over the telephone, was instructed by defendant not to make any appearance in his behalf, and was later instructed by letter not to appear in the trial of the action and he notified the court that in view of such instructions he would not assume the responsibility of defending the action. The case was tried as a default on

March. 9th, plaintiff was awarded a decree, custody of the daughter, and the household furniture, and defendant. was ordered to pay $40 a month for the daughter's support. By order entered in the minutes the clerk was directed to enter the decree. Defendant employed an attorney and on July 26, 1943, gave notice of a motion to vacate the default and the decree and for permission to answer. The grounds of the motion were that plaintiff had committed a fraud upon the court by concealing the fact that she had continued her marital relations with defendant after the filing of the complaint, that defendant was in the military service and that his failure to answer was the result of excusable neglect, mistake, inadvertence and surprise. The motion was based in part upon an affidavit of defendant. Plaintiff filed a counteraffidavit. The motion was denied August 10, 1943, and no appeal was taken from the order. A similar motion was made by the defendant in February, 1944. The grounds of this motion were the same as those of the first motion and the affidavits of defendant and several others were filed in support thereof. No counteraffidavit was filed by plaintiff. The motion was heard on March 20, 1944, and an order was made reading in part as follows: ". . . the court finds: That the defendant is now and at all times since the filing of said action has been in the armed forces of the United States of America and that said default and said default interlocutory decree of divorce were entered without the filing of a military affidavit and/or the waiver by the defendant and or any attorney on his behalf of the rights and privileges of said defendant under the Soldiers' and Sailors' Relief Act of 1940 and Amendments of 1942, and that said orders are void and the court, therefore, grants said motion, and upon its own motion makes the following order: IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the default which was entered against said defendant Paul Reeh under date of Feb. 17, 1943, and said interlocutory decree of divorce which was entered against said defendant on or about March 9, 1943, are hereby vacated and set aside and the proposed answer of said defendant heretofore filed is hereby made a part of said file, the same having been heretofore filed by defendant in answer to plaintiff's said complaint. IT IS FURTHER ORDERED that defendant Paul Reeh shall pay to plaintiff Dorothy L. Reeh, for the support of plaintiff and Gloria Reeh, minor daughter of the parties

hereto, the sum of Eighty ($80.00) Dollars per month, beginning April 1, 1944, until further order of the court.'' The order was founded upon the facts recited therein, that the default and the decree ''were entered without the filing of a military affidavit and/or the waiver by the defendant and/or any attorney on his behalf of the rights and privileges of said defendant under the Soldiers' and Sailors' Relief Act of 1940 and amendments of 1942.'' There is no provision of the act to the effect that a judgment may not be rendered against a defendant while he is in the service unless he has waived his rights under the act. Section 200(1) of the act provides as follows: ''In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment.''

It is not necessary in this case to decide whether the failure to appoint an attorney for a defendant who is in the service or the failure of the judge to order a judgment to be entered would render a judgment void. The provisions of section 200(1) of the federal act were fully complied with and the court was therefore in a position to try the case and render judgment. It was not necessary that the orders appointing the attorney and directing the entry of the judgment should appear in the judgment roll. This consisted of the complaint, with notation of the default, proof of service, and the judgment. (Code Civ. Proc., § 670.) These were in order; the judgment was valid upon its face and in fact.

The court was not authorized to vacate the judgment under section 473 of the Code of Civil Procedure. The application under that section was made too late. The judgment was not void and the motion was made more than six months

after the judgment was entered. (*Macbeth* v. *Macbeth* (1933), 219 Cal. 47 [25 P.2d 11].)

We would end our opinion at this point if our decision would finally determine the question of defendant's right to have the judgment vacated. But it would not. There has been no exercise by the court of its discretionary power under the provisions of the federal act to vacate a judgment against a defendant who is in the military service. However, the question is before us as to whether there were undisputed facts, shown by the affidavits, upon which it would have been an abuse of discretion to refuse to vacate the decree. If such facts were established we should affirm the order, even though the judge assigned an untenable reason for his decision.

The judgment could have been set aside under section 200(4) of the Soldiers' and Sailors' Civil Relief Act if it had appeared that defendant had been prejudiced by reason of his military service in making his defense and that he had a meritorious or legal defense to the action or some part thereof. The court did not make this determination of fact or pass upon the merits of the application under the federal act. We have examined the affidavits and counteraffidavits filed on the motion. There was not only a conflict in the evidence as to material facts, but there were also conflicting inferences to be drawn from such facts, some of which were favorable, others unfavorable, to defendant's contentions.

Defendant's affidavits set forth many bitter charges against plaintiff, and stated sufficient facts to constitute a defense to the action. In support of the claim that defendant was prejudiced in presenting his defense by his military service, the second affidavit stated "that affiant was hospitalized and was in the Veterans' Hospital at Sawtelle, California, from March 7, 1943, to April 1, 1943, and the next day after being released from said hospital affiant was transferred to Fort Crook, Nebraska, where affiant is now located." No other facts were stated in that affidavit tending to show that defendant was prejudiced by his military service in making a defense to the action. However his second motion was made upon all the records and files in the case and it may be considered that his first affidavit was before the court. It appeared from that affidavit, which was filed July 27, 1943, that defendant was then stationed at Fort Crook, Nebraska, having been transferred from Pomona; that he had been in

military service since prior to January 5, 1943; that on January 7, 1943, when he was served with summons, he was a member of the School Detachment, School Provisional Battalion of the United States Army; that on or about February 7, 1943, Lt. Norman H. Noel, Adjutant of said School, wrote Judge Frank Swain, Department 35 of the Los Angeles Superior Court, asking that the trial of said divorce case be continued until affiant was transferred to a new location which was then pending, to wit, to Fort Crook, Nebraska, for the reason that said affiant was then under quarantine and affiant would need to obtain counsel; that he was hospitalized at Sawtelle from March 7th to April 1st, and the next day was transferred to Fort Crook, Nebraska; that during that time he had no opportunity to discuss the matter with an attorney, except with the Legal Aid Officer connected with the Fort; that he had been requested by an attorney in Pomona, one Charles R. Stead, that he represent affiant, "but at that time affiant had been advised and believed that the provisions of the Soldiers and Sailors Civil Relief Act of 1940 as amended, would give affiant the proper protection until affiant was released from the military service so that defendant could properly present his defense and contest plaintiff's allegations." Also in the record is a letter dated January 27, 1943, from defendant to the judge of one of the departments of the court, stating that defendant was in the Army at Pomona under orders to be transferred momentarily, and requesting that the case be put off calendar due to defendant's inability to be present at the hearing. Plaintiff's affidavit filed on the first hearing set forth that she was and had been for over seven years employed as cashier of Kress & Company's store in Alhambra, California. It denied that she had continued marital relations with defendant after the institution of her suit and averred that she would not live with defendant again under any conditions and that there was no hope of a reconciliation. It was further stated "that the plaintiff has no definite information about him [defendant] being in quarantine but that she does know that he visited her domicile every week from the date the action was instituted until the date the divorce was granted. That she did not let him in her home and that he only got in on two occasions and that he broke in both times." Other affidavits were filed by the parties but none of them bore on the question whether defendant

was prejudiced by his military service in making a defense to the action.

The court would have been justified in finding from defendant's affidavits that he decided he did not have to present his defense until he was released from military service but that he had not been so advised by the attorney appointed to represent him, since his affidavit did not state that the attorney had given such advice. And it could have been concluded also that defendant was seeking only delay, and not a bona fide effort to defend the action, since he refused the advice and services of the attorney who had been appointed to represent him and made no effort to obtain leave in order to prepare for the trial. The court could have believed, as stated in plaintiff's affidavit, that defendant visited the home every week-end during the months of January and February, that he failed to prove that he could not have made an adequate defense, and that he made no effort to do so. We cannot decide these disputed questions of fact. All we decide is that if the court had denied defendant's motion on the merits, no abuse of discretion would have been shown. There is much in the comprehensive discussion of the law in the recent case of *Johnson* v. *Johnson* (1943), 59 Cal.App.2d 375 [139 P.2d 33], that is pertinent to the facts of the instant case.

We express no views as to plaintiff's further contention that defendant's first application for relief was made upon the same grounds as the second one, that it was decided against him on the merits, and that the issues became res judicata. It does not appear that plaintiff made the objection that the matters in issue were res judicata. The defense of res judicata is waived unless it is pleaded. (*Rideaux* v. *Torgrimson* (1939), 12 Cal.2d 633, 638 [86 P.2d 826]; *Domestic & Foreign Pet. Co., Ltd.* v. *Long* (1935), 4 Cal.2d 547, 562-3 [51 P.2d 73]; *Madruga* v. *Borden Co.* (1944), 63 Cal.App.2d 116, 123 [146 P.2d 273].) The question is not properly before us.

The order is reversed.

Desmond, P. J., and Wood (Parker), J., concurred.