[Civ. No. 25161. Second Dist., Div. Four. Dec. 19, 1961.]

Guardianship of the Person and Estate of JAVIER CAS-TELLANOS, a Minor. EDELMIRA CASTELLANOS BELTRAM et al., Petitioners and Appellants, v. HENRY ALCANTAR, Petitioner and Respondent.

Joseph Lawrence Flaig for Petitioners and Appellants.

H. F. Rosenmund for Petitioner and Respondent.

BALTHIS, J.—After the death by automobile accident of the mother and father of Javier Castellanos, a minor child 11 months old, two petitions were filed asking for the appointment of a guardian of the person and estate of said minor. One petition asked for the appointment of the paternal aunts of the child, the other requested the appointment of the maternal uncle. After the consolidated hearing, the court appointed the maternal uncle, Henry Alcantar. The losing petitioners appeal.

The child was born June 24, 1959, the mother being age 18, the father age 20. The parents of the child were not married. Plans for a marriage had been discussed prior to the fatal accident on May 6, 1960, but these unfortunately were not carried out prior to the accident. There is no question about the paternity of the child.

The appellants (the paternal aunts of the child) take the position that there was a legitimation of the child under section 230 of the Civil Code. This section provides that a child is legitimated for all purposes when the father publicly acknowledges his parentage, receives the child into his family with the consent of his wife, if married, and otherwise treats the child as if it were legitimate. The appellants contend there was a public acknowledgment of the son by the father and also that the child was received into the father's family. They offered evidence in support of their contention.

In our opinion, however, this case does not depend upon whether or not there was legitimation prior to the death of the parents. While the mother and father are alive and there is a contest as to custody the issue of legitimation under section 230 may become important because under section 200 of the Civil Code, the mother of an illegitimate child ''is entitled to its custody, services, and earnings.'' If the child is legitimated while both parents are living, their rights to claim custody are equal. (*In re Navarro*, 77 Cal.App.2d 500, 505 [175 P.2d 896].) But here the issue of legitimacy is not determinative in deciding whether the relatives of the mother or the relatives of the father should be preferred as guardians. Under section 1407 of the Probate Code, with the exception of the parental priority, ''relatives'' of the child are in the same order of priority with one another.

In the instant case, even if we assume that legitimation was established under section 230, the court would still have to determine the true and only issue in the case— the appointment of which person as guardian would be in the best interests of the child?

One of the factors considered by the trial court to be important in this case was the custody of the child since birth. The maternal uncle (respondent here) did have the child (and the child's mother) in his home since the child was born, and also the maternal uncle did during this period contribute to the care and welfare of the child. The trial court was obviously reluctant to change this custody and the child's home at the application of the paternal aunts, even though the latter were ''good people'' and undoubtedly acting in good faith.

The trial court in a memorandum opinion stated with reference to this issue: ''It is a very significant fact in this case that the minor child has always lived with his mother and his mother's relatives and now is in the custody of petitioner Alcantar who has helped, with other members of his family, in meeting the living expenses not only of the deceased sister, but of the minor child here involved.''

The trial court specifically found ''that it would be to the best interests of the said minor that the said Henry Alcantar be appointed as such guardian'' and this finding is sufficient and determinative of the case.

A reviewing court will not retry issues regarding custody of a minor; the trial court's determination of the best interests of the child will not be disturbed except upon a

showing of manifest abuse of discretion. (*Strong* v. *Owens,* 91 Cal.App.2d 336, 340 [205 P.2d 48]; *Guardianship of Walsh,* 100 Cal.App.2d 194, 199 [223 P.2d 322, 22 A.L.R.2d 689]; *Darwin* v. *Ganger,* 174 Cal.App.2d 63, 74 [344 P.2d 353].)

The order appealed from is affirmed.

Burke, P. J., and Jefferson, J., concurred.