[Civ. No. 25477.   Second Dist., Div. Four.   Feb. 20, 1962.]

Guardianship of the Persons and Estates of BARBARA ANNE HALL et al., Minors.   VIVIAN E. FLANAGAN, Petitioner and Appellant, v. VIRGINIA A. NORIEGA, as Guardian, etc., Petitioner and Respondent.

---

*Assigned by Chairman of Judicial Council.

Harry Alkow for Petitioner and Appellant.

Faith, Weiss & Holland and Kenneth Dean Holland for Petitioner and Respondent.

BALTHIS, J.—The parents of Barbara Anne Hall (age 3) and John Steven Hall (age 2) the minor children involved here, were killed in an automobile accident on July 9, 1959. Two petitions for the guardianship of the persons and estates of the minor children were filed, one by Virginia A. Noriega, the maternal grandmother, and the other by Vivian E. Flanagan, the paternal grandmother.

The two petitions were heard at the same time by the court, sitting without a jury. The petition of Virginia A. Noriega was granted and she was appointed guardian for the minor children; the other petition was denied. The losing petitioner, Vivian E. Flanagan, the paternal grandmother, appeals from the order.

The two petitions having been filed by nonparents there was no priority involved under section 1407 of the Probate Code, as both applicants for guardianship fall within the same general classification of "relatives." Under section 1406 of

the Probate Code in appointing the guardian the court is to be "guided by what appears to be for the best interest of the child in respect to its temporal and mental and moral welfare."

The trial court found that each of the two petitioners was "a fit and proper person to have the care and custody of the minor children." The court then made specific findings as follows: "The special interests of said minor children will be best served with respect to their temporal, mental and moral welfare in the appointment of VIRGINIA A. NORIEGA as their guardian of their persons and estates. The special interests of said minor children will not be best served with respect to their temporal, mental and moral welfare in the appointment of VIVIAN E. FLANAGAN as their guardian of their persons and estates."

The basic rule that the trial court has broad discretion in cases involving the custody of minor children is here applicable. A reviewing court will not retry issues regarding custody of a minor; the trial court's determination of the best interests of the child will not be disturbed except upon a showing of manifest abuse of discretion. (*Strong* v. *Owens*, 91 Cal.App.2d 336, 340 [205 P.2d 48]; *Guardianship of Walsh*, 100 Cal.App.2d 194, 199 [223 P.2d 322, 22 A.L.R.2d 689]; *Darwin* v. *Ganger*, 174 Cal.App.2d 63, 74 [344 P.2d 353].) In the instant case a full hearing was had on both petitions and the interested parties (the applicants for guardianship, their respective spouses and other witnesses) were present in court with full opportunity for direct and cross-examination. Evidence bearing on the issue to be determined as to the best interest of the children was presented to and considered by the court. This evidence included detailed and rather lengthy examinations of the petitioners and the other witnesses on such matters as the living conditions in the home of each applicant, previous contacts with and interest shown in the minor children, the financial ability to support the children and the opportunity to be later afforded by each family to the children for school and church attendance.

There is substantial evidence here to support the findings made by the trial court and no abuse of discretion is shown. As was said in *Guardianship of Walsh*, 100 Cal.App.2d 194 [223 P.2d 322, 22 A.L.R.2d 689], at page 199: "We may not reject the findings of the trial court and substitute contrary findings. There is evidence that would have supported contrary findings. That the trier of fact rejected that evidence does not impeach the soundness of his conclusions. We do not

have the opportunity of seeing and hearing the parties and the witnesses or of applying any of the tests by which the propriety of appointing one or the other of the parties may be determined.''

■ The losing petitioner, as appellant, specifies two alleged errors of law made by the trial court. The first is that the court erred in its statement to appellant's counsel at the trial, as follows:

''If you have evidence showing incompetency as to the other side, that is the only thing I am interested in, a showing by both sides as to the incompetency of the other party. I don't care how you do it.''

A reading of the transcript shows that this statement by the court was not a ruling made on the introduction of evidence, but rather it was in the form of an answer to an inquiry by appellant's attorney as to what evidence the court should like further to hear. The statement by the court must be read and interpreted as having to do with the status of the trial or hearing at the particular time the statement was made. Thus, in the instant case the court had already heard affirmative evidence on the fitness of the appellant and evidently the court thought it was the proper time to accept the offer made by appellant's counsel to proceed at that time with his examination of the other applicant and her husband (Mr. and Mrs. Noriega) in an attempt to show they were not competent.

While the basic issue to be determined relates to the best interests of the child, evidence as to the competency or fitness of one applicant or as to the incompetency or unfitness of another may be introduced and considered by the court insofar as it bears on such principal issue, the best interests of the child (temporal and mental and moral welfare).

We do not see how the statement of the court referred to above, when correctly interpreted as made in answer to an inquiry by appellant's attorney, constitutes error, and in no event could it be prejudicial or reversible.

■ The second specification of error made by appellant relates to the sustaining of an objection by the court during the cross-examination of petitioner-respondent Noriega with reference to one of the minor children as follows:

''Q. . . . To your knowledge was he baptized in the Catholic church? A. No. He isn't baptized.

''MR. HOLLAND: Just a moment. I will object to the question.

"THE WITNESS: My husband was supposed to——

"THE COURT: I don't see the materiality of that.

"MR. HANIFIN: Well, I submit this, your Honor, that if a child is baptized in the Catholic church, according to, at least, the Catholic church's version——

"THE COURT: I don't think it is material. Sustained."

Appellant contends that the sustaining of the above objection by the court prevented inquiry as to the baptizing of the minor children and as to the religious aspects of the case. It is to be noted that, although the objection was sustained, the question was answered by the witness prior to the sustaining of the objection and no motion was made to strike the answer. It thus appears from the testimony that the particular child was not baptized and counsel's inquiry as to the possible effect of baptism would be immaterial. A full reading of the reporter's transcript shows that appellant did nothing further by way of any inquiry whatever into the religious background or baptismal record of either minor child. Further, no offer of proof was made by appellant on either of these subjects.

While the rule as to consideration of the religious aspects of guardianship matters is stated in *Guardianship of Walsh,* 100 Cal.App.2d 194, 198 [223 P.2d 322, 22 A.L.R.2d 689], as follows: "The court should, of course, consider the religious affiliations of a prospective guardian, the religious views of the parents of the minor, and their wishes as to his religious training and environment. But there is no religious qualification for the office of guardian," there is no showing whatever that the court improperly rejected any evidence dealing with religious matters offered in this case.

■ Appellant makes the final point that the evidence showed that she is in a better financial position to care for the children than is the respondent. While the evidence did tend to show that applicant was better off financially, the trial court was no doubt satisfied that respondent could provide adequately for the children. "Wealth alone does not determine competency, nor does poverty alone determine incompetency" (*Guardianship of Sturges,* 30 Cal.App.2d 477, 489 [86 P.2d 905]).

The evidence fully supports the trial court's order and it is therefore affirmed.

Burke, P. J., and Jefferson, J., concurred.