**In re ONE MINOR CHILD.**

Supreme Court of Delaware.

July 20, 1972.

Victor F. Battaglia, of Biggs & Battaglia, Wilmington; for appellant.

Charles K. Keil, of Bayard, Brill & Handelman, Wilmington, for appellee.

WOLCOTT, C. J., CAREY, J., and SHORT, Vice Chancellor, sitting.

WOLCOTT, Chief Justice:

This is an appeal by the father of an illegitimate child from the denial by the Family Court, and the subsequent affirmance of that denial by the Superior Court, of a right to visitation.

The proceedings in the Family Court were first initiated by a complaint to com-

pel the father to support the illegitimate child. He was in fact placed under an order to pay support after his admission that he was the father of the child. Thereafter, the father petitioned for the right of visitation. The Family Court dismissed the father's petition for visitation on the ground that he had failed to show that any relationship between him and his illegitimate child had come into existence. The father's answer to this was that, since the birth of his illegitimate child, the mother had consistently refused to permit him to see the child. The Family Court dismissed his petition for visitation on the ground that an opportunity had been afforded him to amend his petition to show that a relationship between him and his daughter had come into existence since April 2, 1970, but that the father had failed to amend.

Upon appeal from the decision in the Family Court in this respect, the Superior Court affirmed the decision of the Family Court "under all the factual circumstances represented". The complaint of the father in the appeal before us is that in neither the Family Court nor the Superior Court did the court set the matter down for hearing and give him an opportunity to present evidence in support of his contention that the mother had consistently denied him the opportunity to see his daughter. His basic complaint is that he has been denied due process of law by both the Family Court and the Superior Court.

■ It is of course axiomatic that in determining the right of custody of a child, whether legitimate or illegitimate, the court must reach its decision upon the prime basis of what will serve the best interests and welfare of the child, and not the desires of the parents. 10 Am.Jur.2d, Bastards, §§ 60–62; In Re Two Minor Children, Del.Supr., 3 Storey 565, 173 A.2d 876 (1961).

■ There is no doubt under modern law that the father of an illegitimate child has the right either to custody of the child or to visitation when such is found to be in the best interests and welfare of the child. The interests in the child of the father and mother are never of paramount importance in the decision with respect to custody or visitation. See Annotation, 15 A.L.R.3rd 887 and see, also, Commonwealth v. Rozanski, 206 Pa.Super. 397, 213 A.2d 155, 15 A.L.R.2d 880 (1965).

■ From the record presented to us, it is quite clear, we think, that the husband was summarily denied the right to try to show that he had been unable to establish a parental relationship with his illegitimate child by reason of the wrongful refusal of the child's mother to permit him to see her. The summary action of both the Family Court and the Superior Court was to deny the father fundamental fairness and due process of law in refusing to provide a hearing at which he could present evidence in support of his position. Such action, we think, is contrary to the fundamental concept of our rules of procedure and we disapprove of them.

We will, therefore, reverse the decision of the Superior Court and remand the cause with instructions to either remand to the Family Court for a hearing on the merits of the father's position, or for a hearing before the Superior Court, itself, in the nature of a trial de novo, a question raised before us but not passed upon by the Superior Court, for the purpose of determining whether or not a grant of the right of visitation to the father to any extent would be in the best interests and welfare of the child, herself.

We of course express no opinion as to what the result of this hearing should be. The extent of our decision is solely that it was error to refuse the father a hearing on the merits of his contentions.

The judgment below is reversed.