RICHARD L. GARDNER vs. ADELE P. ROTHMAN.

Middlesex.    January 7, 1976. — April 6, 1976.

Present: REARDON, QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Probate Court,* Jurisdiction, Illegitimate child. *Parent and Child,* Right to visit illegitimate child. *Declaratory Judgment.*

The jurisdiction of a Probate Court over a proceeding by the father of an illegitimate child living with its mother to obtain rights to visit the child rests on G. L. c. 215, § 6, first paragraph. [80]
The judgment in a civil action by a father to obtain rights to visit his illegitimate child living with its mother will settle the controversy whether visitation rests entirely in her discretion. [80-81]
The guiding principle to determine whether the father of an illegitimate child living with its mother shall have rights to visit the child is the best interests of the child. [81-82]

CIVIL ACTION commenced in the Probate Court for the county of Middlesex on February 18, 1975.

The case was reported to the Appeals Court by *Freedman,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Regina Healy* for the defendant.
*Gene D. Dahmen* for the plaintiff.

BRAUCHER, J.    The acknowledged father of an illegitimate child complains that the mother, with whom the child lives, has refused him visitation rights. The mother's motion to dismiss the complaint was denied in the Probate Court, and the judge reported the matter to the Appeals Court. We allowed the father's application for direct appellate review, and we affirm the judge's order.

The complaint alleges the following facts. The father and mother had an "uninterrupted relationship" from December, 1971, to August, 1973. On April 13, 1972, the father executed a sworn "acknowledgement of paternity." The

child was born on June 6, 1972, resided with the father and mother until August, 1973, and has since resided with the mother. The father has contributed and continues to contribute to the financial support of the child, and actively participated in the child's care while she lived with both parents. Since January, 1974, however, the mother has refused the father visitation rights. He seeks rights of visitation in the best interests of and consistent with the welfare of the child.

The mother moved to dismiss the complaint on the grounds that (1) the court lacked jurisdiction of the subject matter, (2) the judgment would not terminate the controversy, and (3) the complaint fails to state a claim on which relief can be granted.

1. *Jurisdiction.* The jurisdiction of the Probate Courts under G. L. c. 209, § 37, to make judgments relative to the care and custody of a minor child whose parents live apart from each other does not extend to the present case, since that section "contemplates the existence of the marital relation between parents." *Heard* v. *Heard*, 323 Mass. 357, 370 (1948). Proceedings under G. L. c. 273, §§ 11-19, are begun by complaint or indictment in the Superior Court or a District Court, and are not initiated by the putative father. See *Commonwealth* v. *MacKenzie*, 368 Mass. 613, 619 n.5 (1975). See also G. L. c. 119, § 23, cl. C (order of Probate Court for responsibility of Department of Public Welfare); G. L. c. 201, § 1 (guardianship). Jurisdiction in the present case rests instead on G. L. c. 215, § 6, first paragraph, conferring general equity jurisdiction on the Probate Courts. See *Wood* v. *Wood*, 369 Mass. 665, 668-669 (1976). That jurisdiction extends to the persons and estates of infants, and is not restricted to legitimate children. *Baker* v. *Baker*, 81 N.J. Eq. 135, 136-138 (1913). *Anonymous* v. *Anonymous*, 56 Misc. 2d 711, 712 (N.Y. Family Ct. 1968). See *Bagwell* v. *Powell*, 267 Ala. 19, 20 (1957); *Slawek* v. *Stroh*, 62 Wis. 2d 295, 318 (1974); 4 S. Symons, Pomeroy's Equity Jurisprudence §§ 1304, 1307 (5th ed. 1941).

2. *Declaratory relief.* The complaint seeks declaratory

relief, and the mother asserts that such relief should be denied because it would not terminate the controversy. G. L. c. 231A, §§ 3, 9. We think the judgment will settle the question whether, as the mother contends, visitation by the father rests entirely in her discretion. It is not fatal that circumstances may change and may require subsequent revision of the judgment. *Slawek* v. *Stroh*, 62 Wis. 2d 295, 306 (1974). See G. L. c. 231A, § 5. Cf. *Green* v. *Green*, 351 Mass. 466, 471-472 (1966); *Price* v. *Price*, 341 Mass. 390, 393-394 (1960).

3. *Visitation rights.* For the proposition that she has unfettered discretion on the issue of parental visits, the mother relies on *Wright* v. *Wright*, 2 Mass. 109 (1806). That reliance is misplaced. The court there dealt only with the mother's right to custody, and Justice Sewall said, "The rights of the putative father are not brought into question by this process." *Id.* at 110. The present case seems to be one of first impression in this court.

By the great weight of authority in other States there is judicial power to grant visitation rights to the father of an illegitimate child. *Bagwell* v. *Powell*, 267 Ala. 19, 22 (1957). *Strong* v. *Owens*, 91 Cal. App. 2d 336, 341 (1949). *Forestiere* v. *Doyle*, 310 A.2d 607, 609 (Conn. Supp. 1973). *In re One Minor Child*, 295 A.2d 727, 728 (Del. 1972). *Mixon* v. *Mize*, 198 So. 2d 373, 375 (Fla. App.), cert. denied, 204 So. 2d 211 (Fla. 1967). *Taylor* v. *Taylor*, 295 So.. 2d 494, 496 (La. App.), cert. denied, 299 So. 2d 799 (La. 1974). *Baker* v. *Baker*, 81 N.J. Eq. 135, 136-138 (1913). *People ex rel. "Francois"* v. *"Ivanova,"* 14 App. Div. 2d 317, 318 (N.Y. 1961). *Ex parte Hendrix*, 186 Okla. 712, 713 (1940). *Gwiszcz Appeal*, 206 Pa. Super. 397 (1965). *In re Guardianship of Harp*, 6 Wash. App. 701, 706, appeal denied, 80 Wash. 2d 1010 (1972). *Slawek* v. *Stroh*, 62 Wis. 2d 295, 304 (1974). See Annot., 15 A.L.R.3d 887 (1967). Contra, *DePhillips* v. *DePhillips*, 35 Ill. 2d 154, 157 (1966) (statute). Cf. *Stanley* v. *Illinois*, 405 U.S. 645, 648 (1972). The guiding principle is what is in the best interests of the child. Cf. *Sloane* v. *Sloane*, 349 Mass. 318, 320 (1965); *Welker* v. *Welker*, 325 Mass. 738, 745 (1950); *McMahon* v. *McMahon,*

1 Mass. App. Ct. 647, 648-649 (1973). Acknowledgment or adjudication of paternity is not essential, at least when paternity is conceded, as it is here. *French* v. *Catholic Community League,* 69 Ohio App. 442, 444 (1942). *R.* v. *F.,* 113 N.J. Super., 396, 408 (Juv. & Dom. Rel. Ct. 1971). See *Taylor* v. *Taylor,* 295 So. 2d 494, 496 (La. App.), cert. denied, 299 So. 2d 799 (La. 1974). Cf. *Hammack* v. *Wise,* W.Va.        , (1975).[a]

4. *Disposition.* The order denying the defendant's motion to dismiss the complaint is affirmed. The case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*