CYNTHIA PLASTER *vs.* LOYD DAVID PLASTER. February 23, 1981. This is an appeal from the dismissal of a divorced wife's complaint brought under G. L. c. 215, § 6, seeking an order for increased child support for her two minor children. The probate judge ruled that he had no jurisdiction to enter such an order. We reverse.

The following are the facts found by the probate judge as supplemented by uncontroverted facts contained in the pleadings and other documents. The wife lives in Connecticut with her two minor children; the husband lives in Massachusetts. The parties last lived together as husband and wife in Massachusetts and were divorced in the Dominican Republic. Neither party has challenged the validity of the divorce. Prior to the entry of the divorce judgment, the husband and wife executed a separation agreement in Massachusetts in which the husband agreed, inter alia, to pay two hundred dollars per month as child support. The judgment of divorce did not incorporate the agreement and expressly stated that the agreement was not to be affected or modified by the decree.

Although there is no statute which expressly confers jurisdiction, compare G. L. c. 208, § 29, the Supreme Judicial Court has held, in similar cases where there was also no express statutory authority, that G. L. c. 215, § 6, first par., confers jurisdiction on the Probate Court to resolve conflicting claims of unmarried parents relative to the care of minor children. *Gardner* v. *Rothman,* 370 Mass. 79, 80 (1976). *Doe* v. *Roe,* 377 Mass. 616, 618 (1979). We hold that that statute also confers jurisdiction here. The presence of the minor children within the Commonwealth is not essential to the exercise of that jurisdiction, provided that the court has personal jurisdiction over the parents. *Doe* v. *Roe, supra* at 618.

There remains the prudential question whether this Commonwealth should exercise such jurisdiction. This requires "a careful examination of the relation of the lawsuit to the Commonwealth" and a determination whether "there is another State better situated to deal with the matter". *Doe* v. *Roe, supra* at 619. If on remand it appears that it is in the best interests of the children for Massachusetts to entertain jurisdiction, taking into account the criteria set forth in *Doe* v. *Roe, supra* at 619, and taking into account the difficulty, if any, of obtaining relief against the father elsewhere, the probate judge, after hearing, should enter an appropriate decree.

The order dismissing the complaint is reversed, and the case is remanded to the Probate Court for further proceedings not inconsistent with this opinion.

*So ordered.*

The case was submitted on briefs.
*David J. Hallinan* for the plaintiff.
*Michael E. Tyler* for the defendant.