**ALICE, et al., Plaintiffs-Appellants,**

v.

**RONALD, Defendant-Respondent.**

**No. 13601.**

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 19, 1984.

James E. Reeves, Ward & Reeves, Caruthersville, for plaintiffs-appellants.

John R. Fowlkes, Caruthersville, Jimmy D. Collins, Memphis, Tenn., for defendant-respondent.

TITUS, Judge.

A person born of parents not married to each other is denominated a "bastard." Webster's New World Dictionary of the American Language, College Ed., p. 124. Chris is such a child whose mother is Alice and whose admitted father is Ronald.

Alice and Chris, a minor by Alice, his next friend, sued Ronald. The petition filed April 28, 1983, asked the court to decree that Ronald was the father of Chris and to require Ronald to pay Alice's birthing expenses and a monthly sum for Chris' maintenance and support. In his answer filed August 26, 1983, Ronald admitted he was Chris' father, averred, as did plaintiffs, that he had been paying Alice child support in the sum of $250 per month and that the $25,000 actual and $50,000 punitive damages awarded to Alice in another case against him served to bar, inter alia, Alice's claim for birthing expenses. The answer additionally alleged that as Ronald had previously filed for bankruptcy, all of Alice's money claims, except for child support, had been or would be discharged in the bankruptcy court.

Among other things after trial, the court ruled that Chris was the child of Alice and Ronald, that Ronald was obligated for child support in the monthly sum of $450 and that Ronald was entitled to visitation privileges with Chris every other Saturday for a period of two hours. Alice appealed claiming (1) the trial court lacked authority or jurisdiction to award Ronald visitation rights with Chris, or, alternatively, (2) that

such an award was erroneous because Ronald was not a fit person to be endowed with visitation rights.

*R— v. R—*, 431 S.W.2d 152, 154 (Mo. 1968), held that certain enumerated decisions of the United States Supreme Court "compel the conclusion that the proper construction of our statutory provisions relating to the obligations and rights of parents (§§ 452.150, 452.160, RSMo 1959, § 559.-353, RSMo 1967 Supp., V.A.M.S.)[1] affords illegitimate children a right equal with that of legitimate children to require support by their fathers." Also, *K.D.R. v. D.E.S.*, 637 S.W.2d 691, 693[1] (Mo. banc 1982). Albeit Ch. 452 is entitled "Dissolution of Marriage, Divorce, Alimony and Separate Maintenance," it is apparent from *R— v. R—* that the Supreme Court found the cited statutes not singularly directed to actions devoted to dissolution of marriages. Likewise, references in the opinion to the criminal statute would seem to expand the concept of the basic subject beyond the statutory abhorrence of "Criminal nonsupport" to the regulation of the general overall obligations and rights endowed unto parents, male and female, of bastard children.

*R— v. R—* and subsequent opinions using it as precedent are concerned with the rather restricted question of a bastard's right to require support by his father. They do not directly deal with the initial problem posed upon this appeal which is: Does the father of an illegitimate child have a right of reasonable visitation with that child?

While we have not been directed to nor independently found any Missouri decision directly addressing the question, we find that many jurisdictions have recognized the right of a putative father to visit his child, provided such visitation is in the best interest of the child. *Bagwell v. Powell*, 267 Ala. 19, 22, 99 So.2d 195 (1957); *Strong v. Owens*, 91 Cal.App.2d 336, 341, 205 P.2d 48 (1949); *Forestiere v. Doyle*, 30 Conn.Sup. 284, 310 A.2d 607, 609 (1973); *In Re One Minor Child*, 295 A.2d 727 (Del.1972); *Mixon v. Mize*, 198 So.2d 373, 375 (Fla.App. 1967), cert. denied 204 So.2d 211 (Fla.); *People ex rel. Vallera v. Rivera*, 39 Ill. App.3d 775, 351 N.E.2d 391 (1976); *State ex rel. Wingard v. Sill*, 223 Kan. 661, 576 P.2d 620 (1978); *Taylor v. Taylor*, 295 So.2d 494, 496 (La.App.1974), cert. denied 299 So.2d 799 (1974); *Gardner v. Rothman*, 370 Mass. 79, 345 N.E.2d 370 (1976); *Turner v. Saka*, 90 Nev. 54, 60, 518 P.2d 608 (1974); *Baker v. Baker*, 81 N.J.Eq. 135, 85 A. 816 (1913); *People ex rel. Francois v. Ivanova*, 14 A.D.2d 317, 221 N.Y.S.2d 75 (1961); *Ex Parte Hendrix*, 186 Ok. 712, 713, 100 P.2d 444 (1940); *Gwiszcz Appeal*, 206 Pa.Super. 397, 213 A.2d 155, 15 A.L.R.3d 880 (1965); *In re Guardianship of Harp*, 6 Wash.App. 701, 706, 495 P.2d 1059 (1972); *Slawek v. Stroh*, 62 Wis.2d 295, 304, 215 N.W.2d 9 (1974). Recognition of this right is especially appropriate where, as here, the father has acknowledged paternity and has contributed to the support of the child. *Forestiere v. Doyle*, supra, and *People ex rel. Vallera v. Rivera*, supra.

 Contrary to Alice's first point relied on we rule, as did the many cited cases, supra, that the trial court possessed jurisdiction and authority to award Ronald visitation rights with Chris. Nevertheless, although the trial court possessed such jurisdiction and authority, visitation is not automatic because only a fit and proper parent is entitled to have access to and at reasonable times visit and be visited by a child who is in the principal custody of the other parent. Our obligation upon review is not to disturb the ruling of the court nisi "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm

---

**1.** Unless otherwise stated, all subsequent statutory references are to RSMo 1978. Also note that § 559.353, RSMo 1967 Cum.Supp. has been replaced by § 568.040. For texts of the current versions of the just cited statutes, see the Appendix hereof.

belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

In cases involving visitation rights of a parent not having custody, that parent is normally entitled to visitation unless it be shown that such visitation would endanger the child's physical health or impair his emotional development. Visitation rights may be denied only upon such a showing. § 452.400. There was considerable testimony, pro and con, anent Ronald's qualifications to visit his infant son. Without going into detail, much of the testimony proffered by Alice, some later found wanting, concerned itself with the mutual hostility or enmity between the parties rather than Ronald's fitness, vel non, to have visitation with Chris. Given the nature of Ronald's extremely limited right as granted by the court, Alice has not demonstrated to our satisfaction that the trial court's conclusion was not supported by the evidence or was against the weight of the evidence.

The fact there is evidence in the record which might have supported a different conclusion does not demonstrate the court's holding is contrary to the weight of the evidence. *Roark v. Harvey*, 544 S.W.2d 287, 291[3] (Mo.App.1976). We are bound to give due regard to the opportunity of the trial court to judge the credibility of witnesses as that task is one for the trial court and not one for us. Rule 73.01(c)(2), V.A.M.R.; *Sedmak v. Charlie's Chevrolet, Inc.*, 622 S.W.2d 694, 695[2] (Mo.App.1981). Also when, as here, the court nisi is the trier of the facts, it has leave to believe all, part or none of the testimony of any witness albeit such testimony is uncontradicted. *Frost v. Taylor*, 649 S.W.2d 264, 265[1] (Mo.App.1983); *Corzine v. Stoff*, 505 S.W.2d 162, 165[8] (Mo.App.1973). Visitation rights are not meted with the purpose of rewarding one parent or punishing another parent. *Asbell v. Asbell*, 430 S.W.2d 436, 439 (Mo.App.1968).

As we find no merit in the claimed errors advanced by Alice in either of her two points relied on, we affirm the pronouncements of the trial court.

CROW, P.J., and HOGAN and MAUS, JJ., concur.

### APPENDIX

*Sec. 452.150. Services and earnings of unmarried minor children—custody and control of.*—The father and mother living apart are entitled to an adjudication of the circuit court as to their powers, rights and duties in respect to the custody and control and the services and earnings and management of the property of their unmarried minor children without any preference as between the said father and mother, and neither the father nor the mother has any right paramount to that of the other in respect to the custody and control or the services and earnings or of the management of the property of their said unmarried minor children; pending such adjudication the father or mother who actually has the custody and control of said unmarried minor children shall have the sole right to the custody and control and to the services and earnings and to the management of the property of said unmarried minor children.

*Sec. 452.160. Father and mother, parent, child, defined—how construed.*—The terms of section 452.150 shall apply to children born out of wedlock and to children born in wedlock, and the terms "father and mother", "parent", "child", shall apply without reference to whether a child was born in lawful wedlock.

*Sec. 568.040. Criminal nonsupport.*—"1. ... a parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support which such parent is legally obligated to provide for his minor child or his stepchild. 2. For purposes of this section: ... (2) 'Child' means any natural or adoptive, legitimate or illegitimate child; ... ."