Guy Wayne NICHOLS, Plaintiff–Respondent,

v.

Melissa Renee RALSTON, Defendant,

and

Kari Lynn Ralston, Defendant–Appellant.

No. 17569.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 20, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 12, 1992.

---

2. Defendant's brief erroneously states that the quotation from § 43.200 is "Section 43.200.1 RSMo ... in its entirety."

David C. Dally, Crandall & Dally, Carthage, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant–Appellant is the mother of Melissa Renee Ralston, a female born April 15, 1988. Plaintiff–Respondent is the child's father. The parties were never married. Respondent filed a "Petition for Declaration of Paternity and Order of Support and Custody". He alleged that he was the father of Melissa and requested "joint custody of the minor child; that the Plaintiff be granted rights of reasonable and specific visitation with the minor child". Appellant answered, admitting that respondent is the father of the child, but stating that he was not a proper person to have custody or unlimited visitation rights with said child.

Following nonjury trial, judgment was entered determining that respondent was the father of the child, and ordering him to pay monthly child support. Respondent was given "reasonable visitation and specifically every other weekend from 5:00 p.m. Friday to 5:00 p.m. Sunday". He was given custody of the child on certain other days. Appellant contends that the trial court erred in granting that visitation because it "was clearly not in the best interest of the minor child, would endanger the child's physical health, and was contrary to the weight of the evidence."

Review in this nonjury matter is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990). This court sets aside a judgment on the ground that it is against the weight of the evidence only when it has a firm belief that the judgment is wrong. *Looney v. Estate of Eshleman*, 783 S.W.2d 164, 165 (Mo.App.1990).

Due regard is given by this court to the trial court's determination on the credibility of witnesses. Rule 73.01(c)(2). The trial court is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record. *In re Marriage of Chilton*, 576 S.W.2d 584, 585 (Mo.App.1979). The trial court may disbelieve testimony even when uncontradicted. *Robinson v. Estate of Robinson*, 768 S.W.2d 676, 677 (Mo.App. 1989). As no findings of fact were requested or made, all facts are presumed found in accordance with the result reached. Rule 73.01(a)(2).

Respondent has been convicted of a felony, assault with a knife. He also has been convicted of several misdemeanors, driving with excessive blood alcohol content, twice for driving while intoxicated, three times for careless and imprudent driving and twice for speeding. Appellant testified that when she lived with respondent he would drink excessively every weekend and was intoxicated on her premises in February prior to the trial on April 18, 1991. Respondent was asked upon cross-examination if he had "ever driven in a vehicle while in an intoxicated condition with this child?", and he replied, "Somewhat, yes."

Respondent has the right of visitation if it is in the best interest of the child. *Alice v. Ronald*, 683 S.W.2d 307, 309 (Mo.App.1984). "Recognition of this right is especially appropriate where, as here, the father has acknowledged paternity and has contributed to the support of the child." *Id.*

Evidence in the record which might have supported a different conclusion does not demonstrate the court's holding is contrary to the weight of the evidence. *Alice*, 683 S.W.2d at 310.

We share appellant's concern for the welfare of the child while respondent has physical custody of her. However, as the trial court stated, he is the father of the child and should have visitation with her. The trial court warned respondent regarding the consumption of alcohol, particularly

when he was in custody of the child. There was no evidence that he had physically abused appellant or the child. He spanked Melissa on one occasion, but she was not injured. Respondent testified that his last alcohol related offence occurred in December of 1985. Having seen the parties and heard the testimony the trial court apparently felt that the child would not be in serious danger while with respondent and that the visitation was in the best interest of the child. Based on this court's limited review, we cannot say that the trial court's determination was wrong.

The judgment is affirmed.

PARRISH, J., concurs.

CROW, J., dissents and files dissenting opinion.

CROW, Judge, dissenting.

I respectfully and reluctantly dissent. I recognize Respondent should be allowed visitation with the child. However, I find no substantial evidence in the record to support a conclusion that it is in the best interest of the child, a female not yet age four, to be in Respondent's custody forty-eight consecutive hours every other weekend.

I acknowledge the trial court was in a better position than us to determine the credibility, sincerity and other intangibles of the parties. Even so, the record must contain substantial evidentiary support for the visitation plan. None is apparent.

Viewed favorably to Respondent, the record arguably supports visitation from 9:00 a.m., until 9:00 p.m., one day each weekend, or some similar, non-overnight arrangement. If visitation of that duration proved to be in the best interest of the child, visitation could be extended overnight at a later, more appropriate time.

In the record before us, I am unable to find substantial evidence to support the trial court's conclusion that the visitation awarded Respondent is in the best interest of the child.