PAOLA IULIANO RAGUCCI *vs.* GIOVANNI RAGUCCI.

Middlesex. February 4, 1970. — April 9, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Domicil. Divorce,* Jurisdiction, Foreign divorce. *Jurisdiction,* Divorce proceedings.

A husband did not acquire a domicil in Nevada, and a court of that State did not have jurisdiction of a divorce proceeding brought there by him, where it appeared that, after living for some years in Massachusetts, while his wife lived in Italy, he went to Nevada because it was quicker to get a divorce there and that after staying in Nevada for twelve weeks in connection with the divorce proceeding he left there on the day on which the divorce was granted and returned to Massachusetts to reside.

Two PETITIONS filed in the Probate Court for the county of Middlesex on June 14, 1954, and September 12, 1966, respectively.

The cases were heard by *Hays,* J.

*Fred J. Moscone* for the petitioner.

*Sadie L. Shulman,* for the respondent, submitted a brief.

WILKINS, C.J.   These two petitions for separate support, filed respectively on June 14, 1954, and September 12, 1966, are brought in the Probate Court, Middlesex County, by Paola Iuliano Ragucci of Pietrastornina, Italy, against Giovanni Ragucci, otherwise known as John Ragucci, of Everett, in this Commonwealth.   G. L. c. 209, § 32, as amended through St. 1968, c. 370.   The Probate Court judge, after hearing, dismissed both petitions on February 4, 1969.   The petitioner appealed.

The judge filed a report of the material facts found by him.   The respondent, who first came to the United States in 1949, went to Italy on a visit in May, 1953, and while there on June 14, 1953, married the petitioner at Pietrastornina.   On June 20, 1953, by mutual consent the respondent returned alone to Massachusetts and the petitioner remained in Italy.   On March 28, 1954, a son, Alberto, was born to them.   Neither the petitioner nor the son has ever been in this Commonwealth.   On May 19, 1954, the husband filed a libel for divorce in the Probate Court for Middlesex County.   He gave the wife's name as Paola Ragucci, and described himself as of Everett in this Commonwealth.   On January 10, 1955, this libel was dismissed on his motion.

On June 10, 1957, the husband executed a complaint for divorce which was filed on June 22 in the Second Judicial District Court of the State of Nevada for the County of Washoe.   In the complaint the wife was described as Iuliano (her maiden surname) Ragucci and it was alleged that they were married in Pietrostonine, *sic,* Italy.   The husband alleged that he was a citizen of Nevada and for a period of more than six weeks immediately before suit was brought he had,

with the intent to make Nevada his home for an indefinite period of time, resided, been physically present, and domiciled in Washoe County, and still so resided and was domiciled; and that the parties had lived separate and apart for more than three years last past prior to the commencement of the action.

Service was made by publishing and mailing the summons and a copy of the complaint under the name of Iuliano Ragucci, not Paola, without a street address, to Pietrostonine, sic, Italy. The wife did not appear personally and was defaulted. On July 30, 1957, a divorce was granted the husband. He left Nevada on the same day and returned to this Commonwealth, where in Boston on December 28 he married another woman, and gave his address as Everett. In the Probate Court in answer to interrogatories the petitioner stated that she never received by mail in Italy the copies of the summons and complaint.

In his findings the Probate judge stated that in the Nevada proceedings the husband acted in good faith in using the name Iuliano Ragucci, and that the mailing of the notice[1] addressed to her at Pietrastornina,[2] Italy, was reasonably likely to reach her. He further states that he was unable to find that the Nevada court did not have jurisdiction to enter the divorce decree, and hence that the Nevada decree is entitled to full faith and credit in the Probate Court for Middlesex County; and that at the time the second petition was filed and heard, the respondent was not the husband of the petitioner.

A jurisdictional prerequisite to a decree for separate support under G. L. c. 209, § 32, is that the parties be married. Rosa v. Rosa, 296 Mass. 271, 272. Cohen v. Cohen, 319 Mass. 31, 34. Shain v. Shain, 324 Mass. 603, 604. Welker v. Welker, 325 Mass. 738, 743. The decisive question is whether the Nevada decree of divorce is valid, and that de-

---

[1] This must refer to the summons and copy of the complaint.

[2] The Nevada order for publication of summons and the deposit of copies of the summons and complaint in the United States Post Office required them to be addressed to her at "Pietrostonine, Italy."

pends upon whether the husband acquired a domicil in Nevada. *Barnard* v. *Barnard,* 331 Mass. 455, 457.

Since all the evidence is before us, all questions of law, fact, and discretion are open for our decision. *Rubinstein* v. *Rubinstein,* 319 Mass. 568, 569. *Heard* v. *Heard,* 323 Mass. 357, 361. *Whitney* v. *Whitney,* 325 Mass. 28, 29. We assume that the Probate Court judge in stating that he was unable to find that the Nevada court did not have jurisdiction was giving the Nevada decree a presumption of validity. *Rubinstein* v. *Rubinstein,* 324 Mass. 340, 341. See *Williams* v. *North Carolina,* 325 U. S. 226, 233–234. *Esenwein* v. *Commonwealth, ex rel. Esenwein,* 325 U. S. 279, 280–281.

We are of opinion, however, that any such presumption is clearly rebutted. The husband, who had resumed residence in Everett, testified in the Probate Court that the reason he went to Nevada was that he had consulted a lawyer in Boston who sent him to a lawyer in Reno because it was quicker to get a divorce there; that it was a question of time. Except for the trip to Italy he had lived in Massachusetts from 1949 until April, 1957, when he went to Nevada for a quick result. On June 10, 1957, he began divorce proceedings, after staying the six weeks requisite for filing the complaint. He then stayed the six additional weeks which were allowed for appearance by the wife. The divorce was granted on July 30, 1957. On the same day the husband left for Massachusetts. We find that the respondent did not acquire a domicil in Nevada, which lacked jurisdiction to grant him a divorce for that reason.

The decrees of the Probate Court are reversed, and the case is remanded to that court for proceedings in accordance with this opinion.

We have not found it necessary to decide the question of the effort, described above, to make service upon the absent wife in the Nevada proceedings. We have indicated some of its shortcomings, in case in the course of the new hearing it becomes appropriate to determine the issue.

*Decrees reversed.*