GALE L. DAVIS *vs.* LOUIS J. MISIANO.

Middlesex.    April 7, 1977. — August 29, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Probate Court,* Jurisdiction. *Jurisdiction,* Paternity proceeding. *Illegitimate Child. Separate Support. Moot Question. Practice, Civil,* Moot case.

The birth of a child did not render moot a civil action commenced prior thereto against its putative father by its unmarried mother seeking prenatal and continuing support for the child she was then carrying. [262]
A civil action by a woman seeking to compel a man with whom she cohabited without a formal marriage to provide general financial support for her was properly dismissed. [262-263]
The paternity statutes found in G. L. c. 273, §§ 11-19, vest exclusive jurisdiction over proceedings established therein in the District and Superior Courts. [263-264]
A judge of a Probate Court correctly dismissed for lack of jurisdiction a civil action by an unmarried woman seeking support for herself and prenatal support for the child she was then carrying from its putative father. [264]

CIVIL ACTION commenced in the Probate Court for the county of Middlesex on September 15, 1976.

The case was dismissed by *Freedman*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Chester Darling* for the plaintiff.

LIACOS, J.    During her third trimester of pregnancy, the plaintiff filed a complaint in the Probate Court seeking support for herself, as well as prenatal and continuing support for the child she was then carrying. The court was also asked to appoint a guardian ad litem to represent the fetus. The probate judge was of opinion that the court lacked jurisdiction over the subject matter, and therefore dismissed the complaint sua sponte. On this appeal, we consider whether the asseverations of the complaint were sufficient to state a cause of action within the jurisdiction of that court.

The facts alleged may be briefly summarized as follows. From July of 1975 until May 28, 1976, the parties lived together in Middlesex County. Although no religious or civil ceremony had ever been performed, the parties represented themselves to the world as husband and wife, and the defendant stated that he was the father of the fetus. On May 28, 1976, the defendant left the plaintiff to reside with his wife and family in another State. No answer was filed by him prior to dismissal of the complaint by the Probate Court, and he has not participated in the proceedings before this court.

Although the plaintiff's counsel conceded at argument that the plaintiff had already given birth, we find that the case is not moot, for it presents issues which are "capable of repetition, yet evading review." *Diafario* v. *Commissioner of Correction,* 371 Mass. 545, 553 (1976), *Roe* v. *Wade,* 410 U.S. 113, 125 (1973), both quoting from *Southern Pac. Terminal Co.* v. *ICC,* 219 U.S. 498, 515 (1911). The plaintiff may yet amend her complaint to seek reimbursement for moneys expended by her as a result of the pregnancy and confinement. Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974).

Cohabitation within this Commonwealth, in the absence of a formal solemnization of marriage, does not create the relationship of husband and wife. *Robbins* v. *Robbins,* 140 Mass. 528, 530 (1886). Without the existence of a marriage relation, a woman has no right to receive support. *Madden* v. *Madden,* 359 Mass. 356, 365, cert. denied, 404

Davis *v.* Misiano.

U.S. 854 (1971). *Ragucci* v. *Ragucci,* 357 Mass. 235, 237 (1970). *Rosa* v. *Rosa,* 296 Mass. 271, 272 (1936). In view of the extensive involvement of the Legislature in providing for awards of separate support and alimony to married persons, we decline at this time to extend such payments to those who have cohabitated without a formal marriage in the absence of an appropriate legislative enactment. In so far as the complaint sought to compel the defendant to provide generalized financial support for the plaintiff, we hold that it was properly dismissed.[1]

At common law, there was no legal obligation of the father to support his illegitimate child. *Commonwealth* v. *Dornes,* 239 Mass. 592, 593-594 (1921). *Wright* v. *Wright,* 2 Mass. 109 (1806). One of the purposes of the paternity statutes now found in G. L. c. 273, §§ 11-19, was "to adjudge a person to be the putative father of the child so that he may be compelled to aid the mother in its support." *Commonwealth* v. *Baxter,* 267 Mass. 591, 595 (1929). *Commonwealth* v. *Dornes, supra. McFadden* v. *Frye,* 13 Allen 472, 473 (1866). *Hill* v. *Wells,* 6 Pick. 104, 109 (1828). Following an adjudication of paternity as provided by G. L. c. 273, § 12, the court may order an award "for the expenses of the pregnancy and of the confinement of the mother" (G. L. c. 273, § 13), as well as for the maintenance and support of the illegitimate child (G. L. c. 273, § 15). However, G. L. c. 273, § 11, provides that proceedings under the above sections may be instituted in the District or Superior Courts; the Probate Court is not mentioned. The question for decision, then, is whether § 11 vests in the District and Superior Courts exclusive jurisdiction over these proceedings. We hold that it does.

In *Commonwealth* v. *MacKenzie,* 368 Mass. 613 (1975), we stated that a complaint under § 11 was an appropriate way to initiate a proceeding to adjudicate paternity, even though a criminal conviction and sentence may not consti-

---

[1] We are not faced with the question whether parties to a nonmarital relationship may enter into enforceable agreements providing for the distribution of property and income. See *Marvin* v. *Marvin,* 18 Cal. 3d 660 (1976).

tutionally be imposed under that statute. The plaintiff therefore had an adequate remedy at law in the District or Superior Courts. We have stated that, despite the abolition of criminal penalties for begetting, "[a]ny proceeding under § 11 should be treated in all respects as a criminal proceeding . . . . For example, paternity must be established beyond a reasonable doubt and the alleged father may not be compelled to testify." *Commonwealth* v. *MacKenzie, supra* at 619 n.5. To give the Probate Court concurrent jurisdiction over such cases would thus unnecessarily import into that court all the procedural trappings of a criminal trial. We decline to do so.

While it may be appropriate in the future for us to reconsider applicability of these criminal procedures to actions under § 11, we are reluctant judicially to alter existing practice so soon after our decision in the *MacKenzie* case. We do observe — as we did in that opinion — that "the Legislature may wish to review all of the Commonwealth's paternity statutes and to consider whether determinations of paternity should be made in the context of a criminal proceeding." *Id.*

In view of the criminal attributes currently retained in adjudications of paternity under § 11, we rule that these complaints do not allege causes of action in equity within the general equity jurisdiction of the Probate Courts, G. L. c. 215, § 6. The probate judge correctly dismissed the complaint.

In conclusion, we find that the unmarried plaintiff has not asserted a cause of action within the jurisdiction of the Probate Court as to support for herself. Jurisdiction to adjudicate paternity and to award the expenses of pregnancy and confinement, as well as continuing child support, is vested by G. L. c. 273, §§ 11-19, in the District and Superior Courts. The plaintiff should seek the necessary adjudications there.

The action of the judge dismissing the complaint is affirmed.

*So ordered.*