FRIEDA COLARUSSO *vs.* TEACHERS' RETIREMENT BOARD & others.

Suffolk. May 8, 1979. — July 5, 1979.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Divorce*, Foreign divorce, Jurisdiction. *Domicil. Jurisdiction*, Divorce proceeding.

If a foreign divorce decree is otherwise valid, it cannot be invalidated under G. L. c. 208, § 39, simply because the cause for which the divorce was granted was one which occurred in this Commonwealth. [472]

Where there was evidence that a husband had lived in Massachusetts for nearly thirty years and that he moved to Nevada for less than three months, obtained a divorce, promptly returned to Massachusetts, and continued to live in Massachusetts until his death, any presumption of validity of the Nevada divorce decree was clearly rebutted and the Nevada court lacked jurisdiction to grant him a divorce because he had never acquired a domicil there. [472-473]

CIVIL ACTION commenced in the Superior Court on May 23, 1975.

The case was heard by *Tempone*, J., a District Court judge sitting under statutory authority.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*John Pricopoulos* for the plaintiff.

*Harvey F. Rowe, Jr.*, for Marie Eveline Colarusso.

BRAUCHER, J. In 1972 Fiorindo Colarusso (Fiorindo) went with Frieda Crory (Frieda) from Massachusetts to Nevada, obtained a divorce from Marie Eveline Colarusso

(Marie), married Frieda and returned with her to Massachusetts. Fiorindo died in 1974, and both Frieda and Marie claimed certain retirement benefits as his surviving spouse. After trial without a jury in the Superior Court, the judge ruled that the Nevada divorce was invalid under G. L. c. 208, § 39, and that Marie is the "lawful spouse" under G. L. c. 32, § 12 (2), *Option (d)*. We uphold the conclusion that the divorce was invalid, since Fiorindo never acquired a Nevada domicil. But that conclusion is not affected by G. L. c. 208, § 39.

Frieda sued the defendant board for the benefits in question, and the board interpleaded Marie and the two adult children of her marriage to Fiorindo. The sole issue tried was the validity of the Nevada divorce. The judge made findings and rulings, and judgment was entered remanding the matter to the board for proceedings consistent with the findings. Frieda appealed, and we transferred the appeal to this court on our own motion.

We summarize the evidence. Marie and Fiorindo were married in New Hampshire in 1935 and lived together in Massachusetts. At some time Fiorindo began to live with Frieda; he did not live with Marie after 1962. In 1965 he unsuccessfully sought a Massachusetts divorce on the ground of desertion. In July, 1972, he and Frieda went to Reno, Nevada. On October 3, 1972, he obtained a decree of divorce from Marie. The same day he married Frieda, and a few days later they returned to Massachusetts. He resumed his employment as a music teacher in the Revere school system, and continued in that employment until he died on May 9, 1974.

The Nevada decree is in evidence. It recites that Marie was duly served with summons and failed to appear, that her default was duly entered and that the testimony of the plaintiff was presented. The Nevada court found, among other things, that Fiorindo was a bona fide resident of Nevada, and that he and Marie had lived apart for more than one year preceding commencement of the divorce action. Marie testified in the present case that she

never received any papers from Nevada and first learned of the divorce after Fiorindo and Frieda had returned to Massachusetts.

1. *G. L. c. 208, § 39*.[1] The judge ruled that the Nevada divorce decree was invalid under G. L. c. 208, § 39, because it was for a cause that accrued in Massachusetts and because Nevada never had jurisdiction of both parties. The ruling was unnecessary if the Nevada decree was invalid for another reason, such as lack of jurisdiction. If the Nevada decree was otherwise valid, on the other hand, it "cannot be pronounced null and void by us simply because the cause for which the divorce was granted was one which occurred in this Commonwealth." *Heard* v. *Heard*, 323 Mass. 357, 368 (1948). See *Fitzgerald* v. *Starratt*, 330 Mass. 75, 78-79 (1953). Thus the reliance of the judge on G. L. c. 208, § 39, was misplaced.

2. *Domicil*. Since Marie did not appear or participate in the divorce proceedings in any way, she is not estopped from attacking the validity of the divorce decree. *Heard* v. *Heard*, 323 Mass. 357, 363 (1948). In particular, as Frieda concedes, the jurisdiction of the Nevada court was founded on Fiorindo's domicil in Nevada, and Marie could challenge that jurisdiction on the ground that the requirement was not met. *Madden* v. *Madden*, 359 Mass. 356, 365, and cases cited, cert. denied, 404 U.S. 854 (1971). See *Fiorentino* v. *Probate Court*, 365 Mass. 13, 17 (1974).

The judge made no express finding as to Fiorindo's domicil. Frieda argues that the "burden of undermining the verity which the Nevada decrees import rests heavily

---

[1] As amended through St. 1975, c. 400, § 39: "A divorce adjudged in another jurisdiction according to the laws thereof by a court having jurisdiction of the cause and of both the parties shall be valid and effectual in this commonwealth; but if an inhabitant of this commonwealth goes into another jurisdiction to obtain a divorce for a cause occurring here while the parties resided here, or for a cause which would not authorize a divorce by the laws of this commonwealth, a divorce so obtained shall be of no force or effect in this commonwealth."

upon the assailant." *Williams* v. *North Carolina*, 325 U.S. 226, 233-234 (1945). The judge ruled that the burden of showing invalidity was on Marie. We accept the judge's findings unless they are clearly erroneous, but we have the evidence before us and may find facts in addition to those found by him. *Nickerson* v. *Fiduciary Trust Co.*, 6 Mass. App. Ct. 317, 318 (1978). Cf. *Fazio* v. *Fazio*, 375 Mass. 394, 399 (1978) (under former practice).

In this case, as in *Ragucci* v. *Ragucci*, 357 Mass. 235, 238 (1970), we think any presumption of validity is clearly rebutted. Fiorindo had lived in Massachusetts from 1935 to 1972, and was a teacher in the Revere school system. In July, 1972, he went to Nevada with Frieda, with whom he had been living in Massachusetts for some ten years. They were in Nevada less than three months; on the day the divorce was granted he married Frieda. They promptly returned to Massachusetts, where he resumed his teaching position. We find that he never acquired a domicil in Nevada, and conclude that the Nevada court for that reason lacked jurisdiction to grant him a divorce.

*Judgment affirmed.*