CLARENCE W. NORMAND vs. CAROLYNE J. BARKEI.

Middlesex. February 4, 1982. — April 26, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Probate Court*, Jurisdiction, Illegitimate child. *Jurisdiction*, Probate Court. *Parent and Child*, Right to visit illegitimate child.

Where the plaintiff asserts that he is the father of an illegitimate child and seeks visitation rights and the plaintiff's paternity is denied or questioned, the Probate Court has jurisdiction to determine that issue, and, if paternity is established, to determine the plaintiff's visitation rights. [851-853]

CIVIL ACTION commenced in the Middlesex Division of the Probate and Family Court Department on March 11, 1981.

The case was heard by *Coffey*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*David H. Lee* (*William M. Levine* with him) for the plaintiff.

*Burton H. Kleinfeld* (*Leonard F. DePaola* with him) for the defendant.

WILKINS, J. The plaintiff, asserting that he is the natural father of two children born of the defendant, brought this action pursuant to G. L. c. 215, § 6, in the Probate and Family Court seeking an order granting him rights of visitation. The defendant answered, denying that the plaintiff was the father of one of the children and expressing doubt whether he was the father of the other. A judge dismissed the action, on the defendant's motion, on the ground that the Probate and Family Court lacked jurisdiction. We allowed the plaintiff's application for direct appellate review. We vacate the order of dismissal.

Where a man is acknowledged to be the father of an illegitimate child, the Probate Court has jurisdiction under

G. L. c. 215, § 6, first par. (conferring general equity juris-
diction), to make judgments concerning the father's visita-
tion rights. *Gardner* v. *Rothman*, 370 Mass. 79, 80 (1976).
The general weight of authority in this country grants visi-
tation rights to the father of an illegitimate child where to
do so is in the best interests of the child. *Id.* at 81.

The judge in the case now before us dismissed the action
because he concluded that the Probate and Family Court
could not act where the plaintiff's paternity had not been
conceded by the defendant mother or otherwise established.
He relied on our opinion in *Davis* v. *Misiano*, 373 Mass. 261,
264 (1977). The *Davis* case provides no authority for the
judge's conclusion. There, a woman pregnant with a child
brought an action in the Probate Court seeking support
from the defendant for herself and the child she was then
carrying. We held that the defendant had no obligation to
provide general financial support to the plaintiff and that
the plaintiff had an adequate remedy at law in the District
and Superior Courts with respect to her claim for expenses
of the pregnancy and support of the illegitimate child. Such
proceedings were governed by particularized statutory pro-
visions having the trappings of a criminal trial. We thus
declined to find general equity jurisdiction in the Probate
Court to consider the putative father's obligations to sup-
port the illegitimate child.

In the case before us, the plaintiff has no alternative rem-
edy at law, or anywhere else. He can hardly be expected to
seek a complaint or indictment against himself for a deter-
mination of his paternity. In any event, he acknowledges
his paternity. The plaintiff has a right to visitation with the
children if he is their father and if visitation is in their best
interests. The defendant seems to argue in effect that the
plaintiff may have rights but he has no remedy. Such a re-
sult would raise significant constitutional questions[1] and is

---

[1] To say that a person has a right, even a conditional right, but that
there is no forum in which to enforce that right would raise a due process
of law question. The right of visitation involved here, although not an
absolute right, may be constitutionally based, depending on how the Su-

not at all mandated by the statutory jurisdiction of the Probate Court. We reject the argument that the defendant can absolutely control the plaintiff's access to the courts on the question of visitation. The plaintiff need not wait, perhaps forever, for the defendant to seek a child support order against him which would lead to a determination of the plaintiff's paternity. We hold that a man asserting that he is the father of an illegitimate child, and thus acknowledging his paternity, may seek an order from the Probate Court granting him visitation rights. In such a proceeding, where the plaintiff's paternity is denied or questioned, the court has jurisdiction to determine that issue, and, if paternity is established, to determine what, if any, rights of visitation the plaintiff should have.

The order dismissing the action is vacated. The case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*

preme Court of the United States might extend or apply *Stanley* v. *Illinois*, 405 U.S. 645 (1972), and depending on how this court might decide the point under the Constitution of the Commonwealth. If the claimed right of visitation is constitutionally based, it is most doubtful that the State could properly deny a forum for the adjudication of the claim. See *Testa* v. *Katt*, 330 U.S. 386, 392-393 (1947); *General Oil Co.* v. *Crain*, 209 U.S. 211, 226 (1908).