DANIELLE HIGGINS, guardian, *vs.* JANE RIPLEY, administratrix. June 10, 1983. *Illegitimate Child.*

In order for an illegitimate child to inherit from its father by reason of acknowledgment of paternity pursuant to G. L. c. 190, § 7, neither a writing acknowledging paternity nor a stipulation of paternity is necessary. See *Houghton* v. *Dickinson,* 196 Mass. 389, 391-392 (1907); *Paquette* v. *Koscotas,* 12 Mass. App. Ct. 52, 53 & n.2 (1981). See generally *Lowell* v. *Kowalski,* 380 Mass. 663 (1980), which left open the question whether proof of paternity may be made out in the absence of the father's written acknowledgment of paternity.

Because we cannot determine from the judge's findings whether his conclusion that "[t]here is no evidence of any conduct of the father estab-

lishing his paternity" was a legal or a factual conclusion, we vacate the judgment and remand the matter to the Probate Court judge for additional findings. The testimony, if believed, of the child's mother, of the child's pediatrician, and of a friend, each of whom testified that the decedent had acknowledged paternity of the child, and the testimony of the child's maternal grandmother who recounted the decedent's visits to the child are, we think, ample to meet the "stricter standard [which is imposed] for establishing an illegitimate child's right to inherit from its father than from its mother." *Lowell* v. *Kowalski, supra* at 669.

The judgment is vacated, and the matter remanded to the Probate and Family Court for additional findings.       *So ordered.*

*James T. Belliveau* for the plaintiff.
*Thomas F. Maher* for the defendant.