JOHN DOE[1] *vs.* MARY ROE, administratrix.

Suffolk.   November 20, 1984. — January 29, 1985.

Present: ARMSTRONG, CUTTER, & DREBEN, JJ.

*Illegitimate Child. Probate Court,* Jurisdiction. *Jurisdiction,* Paternity proceeding.

This court expressed the view that a Probate Court is a "court of competent jurisdiction" to hear an action under G. L. c. 190, § 7, against the administrator of an estate seeking a determination that the plaintiff is the son of the decedent and thus entitled to share in his father's intestate estate. [271-273]

CIVIL ACTION commenced in the Suffolk Division of the Probate and Family Court Department on July 25, 1983.

A motion to dismiss was heard by *Mary Beatty Muse,* J.

*James A. Paisley* for the defendant.

*Reuben S. Dawkins* for the plaintiff.

DREBEN, J. The plaintiff sought a determination in a Probate Court that he was the son of the defendant's decedent and an heir entitled to share in his father's estate.[2] The defendant administratrix moved to dismiss the action, arguing that a petition to determine paternity must be brought in a District Court or in the Superior Court and that a Probate Court is not a "court of competent jurisdiction" within the meaning of G. L. c. 190, § 7.[3] This is an appeal from the denial of defendant's motion to dismiss.

---

[1] By his mother and next friend.

[2] His complaint was entitled "Petition to Determine Paternity."

[3] That section, as appearing in St. 1980, c. 396, provides in relevant part: "If a decedent has acknowledged paternity of an illegitimate person or if during his lifetime or after his death a decedent has been adjudged to be the father of an illegitimate person, that person is heir of his father . . . . A person may establish paternity if, within the period provided under section

The parties have not raised any question concerning the premature nature of this appeal. Since the appeal, however, is taken from an interlocutory order, it must be dismissed. *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.,* 367 Mass. 464, 470 (1975). See also *Mancuso* v. *Mancuso,* 10 Mass. App. Ct. 395, 400-401 (1980). We, nevertheless, deem it appropriate to express our view on the jurisdictional question. See *Foreign Auto Import, Inc., supra* at 471. We concur with the Probate Court judge that that court has jurisdiction.

The judge described the background of the dispute. After the defendant, the decedent's daughter, was appointed administratrix, the plaintiff's mother filed a petition to vacate the appointment on the ground that she had married the decedent in 1978, that she had lived with him as husband and wife until his death, and that the defendant had knowingly omitted the plaintiff's mother's name from the petition for administration. She also claimed that she was pregnant with the decedent's child at the time of his death. In the course of that dispute, "because no record could be found" of the dissolution of a prior marriage of the decedent, "it was determined" by the probate judge that the wife of the earlier marriage, and not the plaintiff's mother, was the surviving spouse of the decedent.[4] The present complaint was filed shortly before that determination and was met with a motion to dismiss.

In a careful and well reasoned memorandum, the probate judge held that the Probate Court was a "court of competent jurisdiction" in which to prove paternity under G. L. c. 190,

---

nine of chapter one hundred and ninety-seven of the General Laws for bringing actions against executors and administrators, such person either (*a*) delivers to the executor or administrator an authenticated copy of a judgment rendered by a court of competent jurisdiction during a decedent's lifetime adjudging the decedent to be the father of an illegitimate person; or (*b*) commences, in a court of competent jurisdiction, an action in which the executor or administrator is a named party and in which such paternity is ultimately proved."

[4] The wife of the earlier marriage disclaimed all interest in the decedent's estate, stating that she and the decedent had separated voluntarily on February 15, 1957, and that the decedent had assumed responsibility for the upbringing of their two children.

§ 7. See note 3, *supra*. The defendant urges, citing *Davis* v. *Misiano,* 373 Mass. 261, 263 (1977), that that was error, that the action must be brought under G. L. c. 273, § 12, and, therefore, that it must be brought in the Superior or in a District Court. *Davis,* however, is inapposite. There, a support order was sought against a living father in the Probate Court. The Supreme Judicial Court held that a complaint under G. L. c. 273, §§ 11, 12, & 15, was the appropriate remedy and that the District and Superior Courts have exclusive jurisdiction in proceedings under that chapter. *Id.* at 263-264.

The purpose of the statutory plan set forth in G. L. c. 273, §§ 12-18, is to obtain support for the children of unwed parents. *Commonwealth* v. *Galvin,* 388 Mass. 326, 329 (1983). Here, there is no living father and no support under c. 273 is being sought. In these circumstances, we think c. 273 has no application. Moreover, the "quasi-criminal" procedure for an adjudication of paternity under G. L. c. 273, § 12,[5] see *Commonwealth* v. *Lobo,* 385 Mass. 436, 446-449 (1982), with its specific references to pleas of guilty and not guilty is ill- suited to an action against an administrator or executor. No sound reason requires such a procrustean fit. See *Normand* v. *Barkei,* 385 Mass. 851, 852-853 (1982). In addition, it is not even certain that an "adjudication" of paternity will be here required. As explained in *Lowell* v. *Kowalski,* 380 Mass. 663, 669-670 (1980), proof of acknowledgment of paternity by his father would also establish the plaintiff's right to inherit. *Id.* at 670. See also G. L. c. 190, § 7, at note 3, *supra*. Indeed, the complaint alleges that the decedent acknowledged the child as his.

The relief requested is a determination that the plaintiff is an heir entitled to share in his father's intestate estate. Jurisdiction of a Probate Court includes "all matters relative to the estate of . . . deceased persons," G. L. c. 215, § 3[6], and it is a "basic responsibility of the probate judge and of the administrator" to identify a decedent's heirs and assure that his estate

---

[5] Although G. L. c. 273, § 11, has been repealed, the "criminal attributes" of § 11 were added to § 12. *Commonwealth* v. *Lobo, supra* at 445-446.

[6] As appearing in St. 1975, c. 400, § 53.

is properly distributed among them. *DeSautels, petitioner,* 1 Mass. App. Ct. 787, 791 (1974). *Pierce* v. *Prescott,* 128 Mass. 140, 142-143 (1880). Whether the plaintiff is entitled to inherit depends on whether the decedent was his father. It would serve no policy and make no sense to try that ancillary question in another proceeding, even if one were available.[7] That G. L. c. 273, § 12, is quasi criminal in form, *Commonwealth* v. *Lobo,* 385 Mass. at 446-449, does not give evidence of a policy that criminal safeguards are to be applied in all determinations of paternity. Thus, even where a putative father is living and denies that he is the father, paternity may be decided in a civil proceeding under G. L. c. 273A, the Uniform Reciprocal Enforcement of Support Act, without complying with the strictures of G. L. c. 273. *M_____* v. *W_____,* 352 Mass. 704, 706-711 (1967). *Commonwealth* v. *Lobo, supra* at 447 n.18. Compare *Davis* v. *Misiano,* 373 Mass. at 264.

While G. L. c. 190, § 7, is silent as to the court which is to try these matters, we think it implicit in G. L. c. 215, §§ 3 & 6, that the Probate Court is a "court of competent jurisdiction . . . in which such paternity" may be established. See *Bushnell* v. *Bushnell,* 393 Mass. 462, 466-467 (1984), in which, in analogous circumstances, the District Court was held to have implied power to determine the validity of a marriage where such a determination was necessary to a finding of a duty of support. See also *Normand* v. *Barkei,* 385 Mass. at 853.

Our conclusion is, of course, anticipated by *Lowell* v. *Kowalski,* 380 Mass. 663, and by *Higgins* v. *Ripley,* 16 Mass. App. Ct. 928 (1983), in which, albeit without discussion, both the Supreme Judicial Court and this court heard appeals in similar actions brought in a Probate Court by illegitimate children seeking the right to inherit.

For the reason given in the first part of this opinion, the appeal is dismissed. The plaintiff is to have costs of appeal.

*So ordered.*

---

[7] We need not decide whether the plaintiff has any alternative remedy. If not, constitutional considerations might be implicated if we were to deny him a forum. See *Normand* v. *Barkei,* 385 Mass. at 852.