Kern, Leila R., J.
INTRODUCTION
This action arises from the reclassification of the petitioner, John Doe, to Level 3 Sex Offender status by the respondent Sex Offender Registry Board (SORB). Pursuant to G.L.c. 30A, §14, Doe appeals the decision to reclassify him, taking the position that the decision was arbitrary and capricious, contrary to law, and unsupported by substantial evidence. Before the Court are the parties’ Motions for Judgment on the Pleadings. For the reasons that follow, the action will be dismissed because this Court lacks subject matter jurisdiction.
BACKGROUND
As will be explained, there is no administrative record before the Court in this action. Therefore, the following sparse factual background is taken from the parties’ written submissions and statements at oral argument.
On April 10, 1987, Doe was convicted of assault with intent to rape. On April 23, 2004, Doe was classified as a Level 2 Sex Offender. SORB has provided no evidence of any other sexual offenses in Doe’s history to date.
On July 3, 2008, SORB sent a notice to Doe that it had recommended he be reclassified as a Level 3 Sex Offender. No reason for SORB’s recommendation appears in any written submission before this Court. When this Court made inquiry at oral argument, SORB was unable to give any reason why it had decided, sua sponte, to recommend that Doe be reclassified. On July 3, 2008, Doe requested an administrative hearing to challenge SORB’s recommendation. Doe was notified that his hearing would take place on January 5, 2009, at 9:00 A.M., in Natick District Court.
Doe’s attorney was present at the hearing at the scheduled time. Doe was not. After Doe’s attorney contacted him by phone to investigate his whereabouts, she learned that Doe had been injured. The hearing was continued based on the motion of Doe’s attorney, to allow Doe to provide evidence of good cause for his absence. See 803 CMR 1.12(2).
Doe provided an emergency room discharge sheet, documenting that he had injured his leg on December 24, 2008. SORB submitted a motion to reconsider the decision to continue the administrative hearing, alleging that Doe’s circumstances did not constitute “good cause.” The hearing examiner gave Doe an opportunity to respond to SORB’s motion to reconsider; Doe submitted documentation from Excel Orthopedic Specialists, dated January 7, 2009, that apparently included an explanation for his leg injury that was inconsistent with the emergency room discharge sheet. The leg injury did not appear to be severe.
On January 28, 2009, the hearing examiner entered an Order of Final Classification Pursuant to 803 CMR 1.13(2), finding Doe in default based on his absence at the January 5, 2009 hearing, and that his leg injury did not constitute good cause for such absence. Doe was ordered to register as a Level 3 Sex Offender.
DISCUSSION
“By statute and regulation, namely G.L.c. 6, §178K(l)(a)-(l), and 803 Code Mass. Regs. §1.40, the [SORB] must consider various enumerated factors in assessing the risk of reoffense and the level of dangerousness a sex offender may present.” Doe v. Sex Offender Registry Bd., 447 Mass. 750, 762 (2006) (emphasis added).
SORB did not consider any of the “enumerated factors” in reclassifying Doe. Instead, it found that Doe had waived his hearing through his absence and adopted the recommendation of SORB that he be reclassified on that basis. 803 Code Mass. Regs. 1.13(2) expressly provides that “failure of the sex offender to appear at the scheduled hearing without good cause shown shall result in the waiver of the right to a hearing” and further prescribes that the final classification order “shall not be subject to judicial review.”
*479 To the extent Doe argues that the presence of his attorney satisfies his obligation to attend the hearing, that argument is foreclosed by SORB regulations, see 803 CMR 1.03, and has been addressed and rejected by this Court. Doe v. Sex Offender Registry Bd., Civil Action No. 07-1836, 2007 WL 4993413 *1 (Worcester Super. Ct. Nov. 6, 2008) (Kern, J.). Accordingly, this Court is without subject matter jurisdiction to hear this action and will dismiss it sua sponte. See, e.g., Davis v. Misiono, 373 Mass. 261, 262 (1977).[1]
CONCLUSION AND ORDER
For the foregoing reasons, this action is DISMISSED for lack of subject matter jurisdiction.

Importantly, 803 CMR 1.13 provides that failure to be present waives the sex offender’s right to a hearing-, it does not purport to mandate that such absence waives SORB’s obligation under its enabling statute to consider the “enumerated factors” it is required to take into account when assessing a sex offender’s risk of reoffense.
This Court is deeply troubled by the result obtained here. SORB has acted in a manner that may well be contrary to the law as it is set forth in SORB enabling statute, and yet by operation of SORB’s regulations, Doe is without recourse to seek judicial review. Nevertheless, because this Court must follow the decisions of appellate courts that have determined SORB regulations to adequately protect the due process rights of sex offenders, it remains for this issue to be resolved at the appellate level. See Doe v. Sex Offender Registry Bd., 74 Mass.App.Ct. 1129, 2009 WL 2461228 *3 (August 13, 2009).